Raymond Laux and Thomas Cosgrove *v.* Borough of Harveys Lake and the General Municipal Authority of Harveys Lake Borough.

Argued March 1, 1971, before President Judge Bowman, and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Manderino, Mencer and Rogers.

*Joseph V. Kasper,* with him *Cardoni, Gallagher, Coslett, Sobota, Podcasy & Kasper,* for appellants.

*Donald D. McFadden,* with him *Flanagan, Doran, Biscontini & Shaffer,* for appellees.

OPINION BY JUDGE ROGERS, April 16, 1971:

This suit is between those who would build a sewer in the Borough of Harveys Lake, Luzerne County, and those who would prevent such construction.

Among the proponents of the sewer are a majority of Borough Council who created the General Municipal Authority of the Borough of Harveys Lake in January 1970. On March 26, 1970, the Authority submitted to Borough Council a budget of preliminary expenses for the year 1970 in the amount of $4,400, stating its intention to "repay this amount when the sewer project is financed by municipal bonds." On May 20, 1970, Council voted four to three to *lend* $4,400 to the Authority and the Borough's budget was amended to include an item of appropriation for this expenditure. On May 22, 1970, this equity suit was commenced, complaining that the action of the Borough was illegal because not in the form of an ordinance as allegedly required in the case of a loan. Borough Council met on May 26, 1970, and again by four to three vote adopted an ordinance subsequently duly approved by the mayor and advertised, modifying the budget by transferring $4,400 to an appropriation to the Authority. The preamble of the Ordinance referred to a *grant* of funds for prelim-

inary work on the sewer. On June 1, 1970, the Borough and Authority filed Preliminary Objections *inter alia* in the nature of a demurrer. After hearing, the trial judge dismissed the application for Preliminary Injunction and the parties have stipulated that we should decide this appeal on a substantive and final basis.

The appellants contend first that if this was a loan to the Authority it is invalid because Council's action taken May 20, 1970, was by motion only and therefore did not satisfy the requirements of the Borough Code that matters of a legislative character be approved by the mayor,[1] recorded in the ordinance book,[2] and be based upon an ordinance.[3] Second, the appellants contend that the grant made by the ordinance of May 26, 1970 was a waste and mishandling of public funds amounting to an abuse of discretion because the Authority had asked for a loan. Neither attack has merit.

As to the first, the Borough Code provides: "The council in its reasonable discretion may, in any year, *by motion,* modify the budget after its final adoption. *New appropriations,* supplemental appropriations and transfers from one appropriation to another *may be made during its fiscal year,* either before or after the expenditure is authorized or ratified after the expenditure is made, *provided it is within the current year's revenues,* or money therefore properly made available through borrowing as allowed by law." The Borough Code, *supra,* Section 1312, 53 P.S. 463 12. (Emphasis supplied.)

The record clearly demonstrates that the appropriation to the Authority, made by the motion of May 20,

---

[1] The Borough Code, Act of 1966, Feb. 1, P. L. (1965)    No. 581. Section 1007, 53 P.S. 46007.

[2] Ibid. Section 1008, 53 P.S. 46008.

[3] Ibid. Section 1006(3), 53 P.S. 46006 (3).

1970, was from current revenues. The appellant's attempt to equate the arrangement here made for the provision of the Authority's modest initial expenses with a private business loan lacks reality. The Authority did not seek a loan repayable in any event; it asked for money to pay operating expenses and agreed to reimburse the Borough if and when bonds to finance the project were sold.

Nevertheless, this suit having been commenced, Council adopted an ordinance appropriating the requested amount to the Authority. The Municipality Authorities Act of 1945, May 2, P. L. 382, Section 4, Subsection (B)(k), 53 P.S. 306B(k) authorized Authorities "to borrow money and accept grants from and to enter into contracts with any . . . municipality." If the Authority may accept grants, the municipality may make them. Indeed, the appellants do not question the power of the Borough to make an outright grant to the Authority; rather they contend that the Authority, having initially offered to repay the amount out of a future bond issue, Council and the Mayor abused their discretion by supplying the funds by an ordinance lacking provision for repayment. First, of course, the Ordinance of May 26, 1970 does not preclude reimbursement. Further, however, Council had the power to make the grant and absent a showing of bad faith, fraud, capricious action or abuse of power we may not review its action. *Hyam v. Upper Montgomery Joint Authority*, 399 Pa. 446, 160 A. 2d 539 (1960).

Accordingly, we enter the following:

## ORDER

AND NOW, this 16th day of April, 1971, the Preliminary Objections are sustained and the complaint dismissed with prejudice.